**FILED**
**Aug 10, 2018**
**09:53 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| James Foriest | )    Docket No. 2017-06-0413 |
| | ) |
| v. | )    State File No. 92945-2016 |
| | ) |
| United Parcel Service, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Joshua D. Baker, Judge | ) |

## Vacated and Remanded—Filed August 10, 2018
## Corrected Version

The employee, a package delivery driver, suffered a knee injury in the course and scope of his employment. The employer denied the claim based upon its belief the injury was idiopathic and did not arise primarily out of the employment. Following the trial court's denial of benefits after an expedited hearing, the employee obtained additional medical proof and requested a bifurcation of the trial. The trial court agreed to adjudicate issues involving compensability, medical care, and temporary disability benefits and reserve ruling on permanent disability benefits. Following a trial, the court determined the claim was compensable and ordered the employer to provide temporary disability and medical benefits. The trial court noted that its decision was "not a final order" and did not "address all contested issues." We conclude that the issues tried were not ripe for adjudication and that this appeal is premature. Accordingly, we vacate the trial court's order, dismiss the appeal, and remand the case.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge Timothy W. Conner joined. Judge David F. Hensley concurred in part and dissented in part.

David T. Hooper, Brentwood, Tennessee, for the employer-appellant, United Parcel Service, Inc.

Stephen D. Karr, Nashville, Tennessee, for the employee-appellee, James Foriest

1

**Factual and Procedural Background**

James Foriest ("Employee"), a fifty-nine-year-old resident of Kingston Springs, Tennessee, is a package delivery driver employed by United Parcel Service, Inc. ("Employer"). He has been assigned to drive the same route for over twenty years and makes up to 150 stops at commercial and residential locations, which requires him to walk from nine to thirteen miles a day. In 2009, he suffered a work-related right knee injury and underwent a total knee replacement surgery. He testified the surgery was successful and that, after returning to work without restrictions, he had no problems or complications from the surgery.

On October 11, 2016, Employee and his supervisor were working together as part of Employee's annual safety evaluation when Employee stopped at a vacant lot to take a break. After stepping out of his truck and taking a few steps, his right knee "popped" and he felt pain. Employee testified he was not experiencing any problems with his knee that day before it popped and had experienced no problems with the knee in the days leading up to the October 11 incident. He stated that the parking lot where he was walking was level, that it did not have any debris on it, and that he did not step in a pothole or trip over anything.

The following day, Employee saw Dr. William Shell, the orthopedic surgeon who performed his 2009 knee replacement. Dr. Shell believed Employee had dislocated his patella, and he referred him to his partner, Dr. Allen Anderson. Dr. Anderson agreed with Dr. Shell and recommended surgical reconstruction of the patellofemoral ligament, which he performed on January 23, 2017. Dr. Anderson performed a second surgery to remove a piece of the artificial knee that had broken off. Employee reported complaints of instability in the knee following the second surgery, and Dr. Shell has recommended a third procedure.

Employer denied Employee's claim for workers' compensation benefits related to the October 11, 2016 incident, arguing that the injury was idiopathic and, therefore, did not arise primarily out of the employment. Following an expedited hearing, the trial court denied benefits, concluding Employee had not met his burden of showing he would likely prevail at trial in establishing a compensable acute injury. However, the trial court noted that such a finding did not preclude the possibility that Employee suffered a gradual injury but that the medical proof was insufficient to render a determination on that issue. No appeal was filed at that time.

After taking Dr. Shell's deposition, Employee, instead of filing a second request for an expedited hearing, filed a motion requesting that the court conduct a bifurcated trial in which issues concerning compensability and medical and temporary disability benefits would be addressed, but issues concerning permanent disability benefits would be reserved. The trial court granted the motion and ordered that a trial be held at which

2

"the Court will adjudicate all issues other than permanent disability benefits and future medical benefits." The court also stated in its order that it would "convene a second hearing to determine permanent disability benefits and medical benefits."

Following the trial, the court ruled Employee had established a compensable gradual injury to his knee and was entitled to medical and temporary disability benefits. The court awarded Employee his past medical expenses, on-going treatment with Dr. Shell, and temporary disability benefits. The court stated in its order that "[t]he issues of permanent disability benefits and permanent medical benefits are reserved; therefore, this is not a final order addressing all contested issues in this claim."

Employer has appealed the finding of compensability, asserting that the proof preponderates against the court's determination that Employee suffered a compensable gradual injury. Employer further asserts that Employee's current condition is related to his 2009 injury and is controlled by a settlement agreement pertaining to that injury. We conclude that the issues tried were not ripe for adjudication and that this appeal is premature.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2017). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2017).

## Analysis

### *Ripeness*

The concept of ripeness "focuses on whether the dispute has matured to the point that it warrants a judicial decision." *Cotton v. HUMACare, Inc.*, No. 2015-02-0061, 2016

3

TN Wrk. Comp. App. Bd. LEXIS 42, at *11 (Tenn. Workers' Comp. App. Bd. Sept. 14, 2016). "The central concern of the ripeness doctrine is whether the case involves uncertain or contingent future events that may or may not occur as anticipated or, indeed, may not occur at all." *Id.*

Here, the issue of compensability was not ripe for adjudication at an interlocutory stage of the case. Ultimately, whether an injured worker is entitled to benefits depends on a variety of factors including, but not limited to, medical evidence. Such evidence cannot be complete when the injured worker is still in the midst of pursuing a course of medical treatment, as Employee is here. As we have observed in a different context, "[g]iven the twists and turns inherent in litigation, it seems the better practice is to resolve such issues [when] . . . the parties and the court no longer face uncertainties over future developments, as opposed to adjudicating disputes . . . in piecemeal fashion as the case winds its way through the litigation process." *Andrews v. Yates Servs., LLC*, No. 2016-05-0854, 2017 TN Wrk. Comp. App. Bd. LEXIS 35, at *7-8 (Tenn. Workers' Comp. App. Bd. May 23, 2017).

As noted in another case involving a bifurcated trial, future developments in the case can impact the ultimate determination of compensability. *Cotton*, 2016 TN Wrk. Comp. App. Bd. LEXIS 42, at *11. This is not to suggest that we agree or disagree with the trial court's assessment of the incomplete medical proof at this juncture. Rather, we conclude that, as Employee has not yet completed his medical treatment and, in fact, apparently needs another procedure on his knee, further developments over the course of the litigation may well alter the rights and obligations of the parties. As such, a final determination of the compensability of the claim has not "matured to the point that it warrants a judicial decision." *Id.* Accordingly, the trial court's order adjudicating the compensability of the claim is vacated.

*Bifurcated Trials*

Tennessee courts have cautioned against the use of bifurcated trials as a way of resolving disputes, including workers' compensation disputes. Indeed, our Supreme Court's Special Workers' Compensation Appeals Panel has observed that bifurcated trials "serve little purpose in workers' compensation cases." *Jones v. Tridon*, No. 01S01-9703-CV-00057, 1997 Tenn. LEXIS 528, at *6 (Tenn. Workers' Comp. Panel Oct. 31, 1997). Other courts have observed that "the interests of justice will warrant a bifurcation of the issues in only the most exceptional cases and upon a strong showing of necessity." *Lamar Adver. Co. v. By-Pass Partners*, 313 S.W.3d 779, 790 (Tenn. Ct. App. 2009) (citation omitted).

With respect to bifurcated trials in general, we have observed that "resolving litigation in piecemeal fashion may delay a final resolution of [a] case and rarely serves the interests of judicial economy." *Rucker v. Flexible Staffing Solutions of Tenn.*, No.

4

2015-02-0126, 2016 TN Wrk. Comp. App. Bd. LEXIS 23, at *15 n.4 (Tenn. Workers' Comp. App. Bd. May 13, 2016). This case is a good example. The parties prepared for and participated in an expedited hearing after which the trial court filed an order denying benefits. Over the ensuing months, the parties obtained more evidence, and a bifurcated trial was requested and granted. The bifurcated trial was conducted, after which the trial court filed an order disposing of some issues but not others. The order was appealed, the parties briefed the issues, and the case is now being sent back to the trial court where more hearings are likely with the potential of additional appeals and still more litigation. The end result is that the case will likely remain unresolved longer than it would have otherwise, and at greater cost and continued uncertainty to the parties.

There are several other considerations that highlight the problematic nature of bifurcated trials, particularly in the context of the Reform Act of 2013. First, neither the workers' compensation statutes nor the regulations contemplate that a bifurcated trial will occur in a workers' compensation case. Instead, the current statutes and regulations provide other mechanisms for a trial court to address interlocutory disputes regarding the initiation of medical and temporary disability benefits, namely, expedited hearings and motions. *See* Tenn. Code Ann. § 50-6-239(d). A trial court has the authority to order the initiation of benefits or deny the claim using either of these mechanisms. There is no indication that the legislature, in passing the Reform Act of 2013, contemplated bifurcated trials as a means of resolving workers' compensation cases in light of the specific framework it put in place in anticipation of interlocutory disputes, such as the one involved here.

Second, there is nothing in the statutes or regulations to restrict a trial court from hearing additional evidence or changing its mind on the issues raised and decided in a bifurcated trial, as such orders do not become final by operation of law. In other words, nothing prevents a party who lost at a bifurcated trial from seeking additional evidence and presenting it at a subsequent trial. For example, if as a result of a bifurcated trial an employer is ordered to authorize surgery and during that procedure the surgeon discovers a causative condition wholly unrelated to employment, nothing prevents the employer from securing additional proof from that physician and contesting compensability at a subsequent trial. As a result, despite the fact that the parties and the trial court agreed to label the proceeding a "bifurcated compensation hearing" or something similar, it is, in essence, an interlocutory proceeding and the trial court's decision can be modified, reversed, or otherwise changed at any time before the last such hearing or series of hearings.

Third, even if we were to affirm the trial court's bifurcated compensation order, it is unclear where that leaves the parties. Arguably, Employer could not appeal our decision to the Tennessee Supreme Court because such an appeal does not fall within the ambit of an appeal as of right as defined in Rule 3(a) of the Tennessee Rules of Appellate Procedure. Moreover, if the bifurcated compensation order cannot be certified as final, it

5

arguably does not become enforceable pursuant to Tennessee Code Annotated section 50-6-239(c)(9).  Likewise, if we were to reverse the decision of the trial court and remand the case, Employee would have the same conundrum since he could not appeal our decision pursuant to Tennessee Rule of Appellate Procedure 3(a) and could not proceed with the surgery at Employer's expense.

Fourth, while on the surface it may seem to serve the interests of efficiency and justice to resolve issues incrementally in separate trials, the result is often anything but efficient.  On the other hand, when litigants use the mechanisms in place and prepare their cases for a "full evidentiary hearing," as contemplated by Rule 0800-02-21-.02(7), an expeditious and efficient resolution provides employees and businesses alike much needed finality and the ability to move on.  This is not to suggest that speed for the sake of speed should be the goal.  Clearly, it is not.  Instead, as directed by the legislature, workers' compensation disputes should be resolved in a "fair, equitable, expeditious, and efficient" manner.  Tenn. Code Ann. § 4-3-1409(b)(2)(A) (2017).  Moving a case toward a resolution one inch at a time through a series of bifurcated trials is inconsistent with these objectives.[1]

In short, as stated by our Supreme Court's Special Workers' Compensation Appeals Panel, bifurcated trials "serve little purpose in workers' compensation cases." *Jones*, 1997 Tenn. LEXIS 528, at *6.  Our experience has borne this out.  To date, bifurcated cases appealed to us have resulted in more litigation, not less.[2]  If the idea behind conducting bifurcated trials in these cases was to streamline the litigation and thereby chart an efficient course for their ultimate resolution, the end result has been just the opposite.

*Tennessee Rule of Civil Procedure 54.02*

Before concluding, we note that the dissent engages in an extensive discussion of how and why Tennessee Rule of Civil Procedure 54.02 could apply to this case. Rule 54.02 states that a trial court may direct the entry of a final judgment on fewer than all claims "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."  The order before us, however, expressly states that it is *not* a final order and, therefore, is subject to change by the trial

---

[1] The dissent asserts that, prior to the 2013 Reform Act, it was not unusual for a trial court to bifurcate a workers' compensation case.  However, the dissent's supporting list of cases, spanning more than two decades, suggests just the opposite conclusion, i.e., bifurcated trials were rare.  The cases cited undoubtedly represent an extremely small percentage of cases tried over the same period of time.

[2] *See, e.g.*, *Cotton v. HUMACare, Inc.*, No. 2015-02-0061, 2016 TN Wrk. Comp. App. Bd. LEXIS 42 (Tenn. Workers' Comp. App. Bd. Sept. 14, 2016); *Rucker v. Flexible Staffing Solutions of Tenn.*, No. 2015-02-0126, 2016 TN Wrk. Comp. App. Bd. LEXIS 23 (Tenn. Workers' Comp. App. Bd. May 13, 2016).

court at any time prior to entry of a final order disposing of all issues. Thus, whether and to what extent Rule 54.02 may apply to bifurcated trials conducted in the Court of Workers' Compensation Claims is an issue for another day.

Though we express no opinion on whether Rule 54.02 applies to post-reform cases, we do wish to address the dissent's contention that, once a trial court issues a "final judgment" pursuant to Rule 54.02, "such decision is reviewable by us" and, "[u]pon such certification of finality by the Appeals Board, an appeal as of right lies to the Supreme Court." We respectfully disagree with this analysis. Even assuming that Rule 54.02 gives the Court of Workers' Compensation Claims the authority to enter a "final judgment" as to one or more but fewer than all the claims presented in a case, there is nothing in the Workers' Compensation Law or the Tennessee Rules of Appellate Procedure that tolls the thirty-day deadline to appeal such a judgment to the Tennessee Supreme Court. Indeed, Tennessee Rule of Appellate Procedure 4(a) *mandates* that a notice of appeal be filed "within 30 days after the date of entry of the judgment appealed from." Thus, if the dissent is correct in asserting Rule 54.02 applies, then the time period to appeal such an order to us would run concurrently with the time period to appeal to the Tennessee Supreme Court, a result that is untenable. Under such circumstances, a party would be taking a significant risk by electing to file a notice of appeal with us based on the assumption that this action would toll the thirty-day deadline to appeal to the Supreme Court mandated by Rule 4(a).

Moreover, the dissent acknowledges that "the authority in Rule 54.02 for trial courts to direct the entry of a final judgment seems incompatible with" language in both Tennessee Code Annotated section 50-6-239(c)(7) ("The decision of the workers' compensation judge shall become final thirty days after the workers' compensation judge enters a compensation order, unless a party in interest seeks an appeal of the decision from the workers' compensation appeals board pursuant to this chapter.") and section 50-6-217(a)(2)(B) ("For purposes of further appellate review, the workers' compensation appeals board must, if appropriate, certify as final the order of the court of workers compensation claims . . . ."). Indeed, Rule 54.02, if applicable, would seem to allow a third method for addressing the finality of a trial court's compensation order, a method not expressly contemplated in the Workers' Compensation Law or accompanying regulations.

In the end, this is the third bifurcated trial to have been appealed to us in a two-year span, and each one has had its share of problems resulting in the trial court's order being set aside. The trial court in the present case correctly acknowledged prior decisions "hazarding against bifurcation," as our experience to date has been that the practice creates more problems than it resolves.

**Conclusion**

For the foregoing reasons, we hold that the issue of compensability was not ripe for a final adjudication.  Accordingly, the trial court's decision is vacated, the appeal is dismissed, and the case is remanded.



FILED
Aug 10, 2018
09:53 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| James Foriest | ) | Docket No. 2017-06-0413 |
| | ) | |
| v. | ) | State File No. 92945-2016 |
| | ) | |
| United Parcel Service, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Joshua D. Baker, Judge | ) | |

---

### Concurring in Part and Dissenting in Part - Filed August 10, 2018

---

Hensley, J., concurring in part and dissenting in part.

I agree with the majority's determination that this appeal is premature and should be dismissed. I respectfully disagree, however, with the majority's decision to vacate the trial court's order granting benefits. I also disagree with the majority's analysis of the bifurcation issue.

The majority's rationale for vacating the trial court's decision is based on its conclusion that the compensability issue "was not ripe for adjudication at an interlocutory stage of the case." Stating that "further developments over the course of the litigation may well alter the rights and obligations of the parties," it concludes that "a final determination of the compensability of the claim has not 'matured to the point that it warrants a judicial decision.'" (Citing *Cotton v. HUMACare, Inc.*, No. 2015-02-0061, 2016 TN Wrk. Comp. App. Bd. LEXIS 42, at *11 (Tenn. Workers' Comp. App. Bd. Sept. 14, 2016). I respectfully disagree.

The parties have not raised any issue concerning the trial court's decision to grant the employee's request to bifurcate the trial. The parties do not question the trial court's decision to resolve the compensability issue prior to the employee completing his medical care. In my opinion, the judges of the Court of Workers' Compensation have the discretion to bifurcate a trial on the merits in appropriate cases, and I believe this was an appropriate case for bifurcation. This case presents the fourth appeal we have considered in which the trial court bifurcated one or more claims for trial. None of our previous opinions states or suggests the Court of Workers' Compensation Claims does not have the authority to bifurcate a trial. Prior to the enactment of the 2013 Workers'

Compensation Reform Act ("Reform Act"), it was not unusual for a trial court to bifurcate a workers' compensation trial. *See, e.g.*, *English v. Compass Grp. USA, Inc.*, No. E2012-02732-WC-R3-WC, 2013 Tenn. LEXIS 997 (Tenn. Workers' Comp. Panel Dec. 9, 2013); *Eady v. Commodore Express, Inc.*, No. M2010-01439-WC-R3-WC, 2012 Tenn. LEXIS 156 (Tenn. Workers' Comp. Panel Mar. 8, 2012); *Ruskin v. Ledic Realty Servs.*, No. W2009-02595-WC-R3-WC, 2011 Tenn. LEXIS 176 (Tenn. Workers' Comp. Panel Feb. 25, 2011); *Kazeleski v. Dixie Motors, Inc.*, No. M2009-00276-WC-R3-WC, 2010 Tenn. LEXIS 84 (Tenn. Workers' Comp. Panel Feb. 10, 2010); *Parker v. Haps Heating*, No. W2007-01023-SC-WCM-WC, 2009 Tenn. LEXIS 7 (Tenn. Workers' Comp. Panel Jan. 16, 2009); *Hollis v. ATC, Inc.*, No. M2005-02472-WC-R3-CV, 2007 Tenn. LEXIS 435 (Tenn. Workers' Comp. Panel Apr. 12, 2007); *Hubble v. Dyer Nursing Home*, 188 S.W.3d 525 (Tenn. 2006); *Holley v. Holley*, No. W1998-00737-WC-R3-CV, 2001 Tenn. LEXIS 61 (Tenn. Workers' Comp. Panel Jan. 22, 2001); *Mooney v. Brecon Knitting Mills*, No. 02S01-9610-CV-00094, 1997 Tenn. LEXIS 190 (Tenn. Workers' Comp. Panel Apr. 17, 1997); *Ward v. Fed. Transp.*, No. 02S01-9304-CH-00028, 1995 Tenn. LEXIS 281 (Tenn. Workers' Comp. Panel May 30, 1995); *Ledford v. McPherson*, No. 01-S-01-9011-CV-00099, 1991 Tenn. LEXIS 266 (Tenn. June 24, 1991).

I agree the trial court's order under review is an interlocutory order, that is, one that does not resolve all the issues in the case.[1] In my view, the absence of "certifying" language in the order, as contemplated in Tennessee Rule of Civil Procedure 54.02 expressly directing the entry of a final judgment as to the adjudicated claims, renders the order interlocutory. While Rule 54.02 permits, but does not require, a trial court to direct the entry of a final judgment, the trial court's order in this case not only failed to include the certifying language, but stated that its order "is not a final order addressing all contested issues in this claim."

We requested the parties to submit supplemental briefs addressing whether this appeal is subject to dismissal based on Rule 54.02. Ironically, the majority concludes that "to what extent Rule 54.02 may apply to bifurcated trials conducted in the Court of Workers' Compensation Claims is an issue for another day." The majority "express[es] no opinion on whether Rule 54.02 applies to post-reform cases." Also, the majority does not address Rule 42.02, which provides the authority for judges of our state judicial courts to bifurcate trials.

As the majority notes, the Appeals Board has "observed that 'resolving litigation in piecemeal fashion may delay a final resolution of a case and rarely serves the interests

---

[1] Tenn. Comp. R. & Regs. 0800-02-21-.02(15) (2016) defines "Interlocutory Order" to mean an order "that awards or denies temporary disability or medical benefits following a review of the submitted material, or a hearing if one is convened at the discretion of the workers' compensation judge, as a result of a motion for expedited hearing." By contrast, Black's Law Dictionary (10th ed. 2014) defines "interlocutory" (of an order) as "interim or temporary; not constituting a final resolution of the whole controversy." My use of the term "interlocutory" here refers to the latter definition.

of judicial economy.'" (Citation omitted.)  The majority addresses four specific reasons in concluding bifurcated trials should be avoided.  In my opinion, each of the four reasons supports the applicability of Rules 42.02 and 54.02 to the hearings conducted by the judges of the Court of Workers' Compensation Claims.

The first reason for avoiding bifurcated trials, according to the majority, is because "neither the workers' compensation statutes nor the regulations contemplate that a bifurcated trial will occur in a workers' compensation case."  Further, the majority states "[t]here is no indication that the legislature, in passing the Reform Act of 2013, contemplated bifurcated trials as a means of resolving workers' compensation cases."  While I agree neither the Reform Act nor the regulations adopted by the Bureau of Workers' Compensation ("Bureau") include provisions expressly addressing bifurcated trials, I respectfully disagree with the majority's conclusion that neither the statutes nor the regulations "contemplated bifurcated trials as a means of resolving workers' compensation cases."

Indeed, the Reform Act provides in Tennessee Code Annotated section 50-6-238(a)(3) (2017) that "[w]orkers' compensation judges shall conduct hearings in accordance with the Tennessee Rules of Civil Procedure . . . and the rules adopted by the bureau."  Further, section 50-6-239(c)(7) (2017) states that "the Tennessee Rules of Civil Procedure shall govern proceedings at all hearings before a workers' compensation judge unless an alternate procedural . . . rule has been adopted by the administrator."  The majority is silent as to any alternate procedural rule adopted by the administrator, and my review of the regulations governing hearings before the Court of Workers' Compensation Claims reveals none.  The regulations do, however, make reference to the Rules of Civil Procedure in addressing discovery, depositions, the computation of time, the issuance and service of subpoenas, motions for summary judgment, and the jurisdiction of the Court of Workers' Compensation Claims to rule on post-trial motions.  *See* Tenn. Comp. R. & Regs.  0800-02-21-.03(1);  -.14(3);  -.16(1), (5)(a);  and -.18(6).  Furthermore, we previously held that parties in the Court of Workers' Compensation Claims are "entitled to the protections offered by the Tennessee Rules of Civil Procedure."  *Syph v. Choice Food Grp., Inc.*, No. 2015-06-0288, 2016 TN Wrk. Comp. App. Bd. LEXIS 18, at *27 (Tenn. Workers' Comp. App. Bd. Apr. 21, 2016).  We observed in *Syph* that the General Assembly expressed its intent that the Court of Workers' Compensation Claims shall "conduct hearings in accordance with the Tennessee Rules of Civil Procedure."  *Id.* at *8 (citation omitted).  The Appeals Board concluded in *Syph* that the Tennessee Rules of Civil Procedure "shall govern unless the administrator has adopted an alternative procedural . . . rule that conflicts."  *Id.* at *15.

The second reason the majority presents for avoiding bifurcated trials declares "there is nothing in the statutes or regulations to restrict a trial court from hearing additional evidence or changing its mind on the issues raised and decided in a bifurcated trial, as such orders do not become final by operation of law."  Again, Rule 54.02

permits, but does not require, a trial judge to direct the entry of a final judgment "as to one or more but fewer than all of the claims or parties." In my opinion, if such certification is included in the trial court's compensation order, the judgment so certified becomes appealable as of right as provided in section 50-6-239(c)(7). The example presented by the majority does not contemplate a judgment certified in accordance with Rule 54.02, which indeed would result in that type of order being "subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all of the parties." Tenn. R. Civ. P. 54.02. Appropriate certifying language in a trial court's order directing "the entry of a final judgment as to one or more but fewer than all of the claims or parties" would foreclose the potential problems presented by an order as described in the majority's example.

The majority's third stated reason for avoiding bifurcated trials asserts an argument could be made that the Appeals Board's opinion addressing the appeal of a trial court's compensation order following a bifurcated trial might not be appealable to the Supreme Court "because such an appeal does not fall within the ambit of an appeal as of right as defined in Rule 3(a) of the Tennessee Rules of Appellate Procedure." Again, the majority's argument contemplates an order from the Court of Workers' Compensation Claims that is appealed to us that does not include appropriate certifying language as contemplated in Rule 54.02. In my opinion, if a trial court properly directs the entry of a final judgment in accordance with Rule 54.02, such judgment is reviewable by us, and we "must, if appropriate, certify as final the order of the court of workers' compensation claims as affirmed, reversed, modified, or remanded." Tenn. Code Ann. § 50-6-217(a)(2)(B) (2017). Upon such certification of finality by the Appeals Board, an appeal as of right lies to the Supreme Court. *Id.*

Finally, the majority asserts that "resolv[ing] issues incrementally in separate trials" is often "anything but efficient." The majority posits that "when litigants use the mechanisms in place and prepare their cases for a 'full evidentiary hearing,' as contemplated by Rule 0800-02-21-.02(7), an expeditious and efficient resolution provides employees and businesses alike much needed finality and the ability to move on."[2] Here, the parties had a "full evidentiary hearing" on the issues that the parties and the trial court agreed to address.[3] Both the employee's motion to bifurcate the trial and the trial court's order granting the motion identified compelling reasons to bring finality to the compensability issue at this stage of the litigation. The employee had previously

---

[2] The rule cited by the majority, Rule 0800-02-21-.02(7), defines "Compensation Order" and provides that it is an order "following conclusion of a full evidentiary hearing or a decision on the record . . . ." Ironically, it further provides that the parties may request "a compensation order resolving the issues in dispute without a hearing."

[3] I use the term "full evidentiary hearing" to mean a hearing during which live testimony and demonstrative evidence may be offered and the parties may conduct cross-examination. *See McCall v. Nat'l Health Corp.*, 100 S.W.3d 209 (Tenn. 2003).

4

requested an expedited hearing that resulted in the trial court denying benefits. Thereafter, the employee's treating physician recommended a third surgery for the employee's injury, the employer refused to authorize the surgery, the employee's private health insurer refused to authorize the surgery, and the parties obtained additional medical proof by deposing the physician who recommended the additional surgery. The employee stated in his motion that the claim had been pending for close to a year and he "wish[ed] to be heard and . . . request[ed] the court to address" the compensability issue. The employer did not object to bifurcating the trial and acknowledged that issues relating to permanent disability benefits were reserved for a subsequent hearing, if necessary. The parties presented their proof in a "full evidentiary hearing," but because the trial court did not certify its decision as final in accordance with Rule 54.02, its order determining that the employee's claim was compensable was interlocutory, resulting in the instant appeal being premature. Without the certifying language, the trial court's order "is subject to revision at any time before the entry of the judgment adjudicating all of the claims and all of the rights and liabilities of all of the parties." Tenn. R. Civ. P. 54.02.

Admittedly, the authority in Rule 54.02 for trial courts to "direct the entry of a final judgment" seems incompatible with that part of section 50-6-239(c)(7) stating "[t]he decision of the workers' compensation judge shall become final thirty (30) days after the workers' compensation judge enters a compensation order, unless a party in interest seeks an appeal of the decision from the workers' compensation appeals board."[4] Subsection 50-6-239(c)(7) additionally provides that if a party in interest does not timely seek an appeal from the Appeals Board, "the order of the workers' compensation judge shall become final and may be appealed to the state supreme court in the manner provided by § 50-6-225." Does it follow that the Court of Workers' Compensation Claims lacks the authority to "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties" as provided in Rule 54.02? Not in my view.

Prior to the Reform Act, workers' compensation claims were decided in a hybrid system in which parties were required to participate in and exhaust an administrative process before judicial courts acquired jurisdiction to adjudicate the claims. The Reform Act replaced that system with an administrative system in which access to judicial courts is limited to an appeal as of right to the Supreme Court by "[a]ny party to the proceedings in the court of workers' compensation claims . . . dissatisfied or aggrieved by the

---

[4] It likewise seems incompatible with the provision in Tennessee Code Annotated section 50-6-217(a)(2)(B) stating "[i]f a compensation order is timely appealed to the workers' compensation appeals board, the order issued by the workers' compensation judge must not become final, as provided in section 50-6-239(c)(7), until the workers compensation appeals board issues a written decision certifying the order as a final order."

judgment of that court." Tenn. Code Ann. § 50-6-225(a)(1) (2017).[5] Prior to the Reform Act, trial courts bifurcated workers' compensation trials not only to allow parties to address compensability of a claim before an employee had received or completed medical treatment, but also to address whether an employee was entitled to temporary disability or medical benefits prior to a compensability determination. *See, e.g.*, *Gooch v. City of Murfreesboro*, No. M2006-01264-WC-R3-WC, 2007 Tenn. LEXIS 1079, at *3 (Tenn. Workers' Comp. Panel Dec. 13, 2007) ("The purpose of the first hearing was to determine whether or not Employer should be ordered to pay medical expenses and temporary disability benefits.").

In my view, the Reform Act's expedited hearing process addressed in section 50-6-239(d) eliminated any need for the Court of Workers' Compensation Claims to bifurcate a trial to determine whether an employer should be required to provide temporary disability or medical benefits before the parties have a full evidentiary hearing on compensability. Indeed, the expedited hearing process provides a trial court the discretion to hear disputes "concerning the provision of temporary disability or medical benefits" and issue "an interlocutory order for temporary disability or medical benefits." Tenn. Code Ann. § 50-6-239(d)(1), (2). While any party may appeal a trial court's interlocutory order awarding or denying temporary disability or medical benefits to the Appeals Board, section 50-6-217(a)(2)(A) provides that "[t]he decision of the workers' compensation appeals board is not subject to further review."

Parties aggrieved by a decision of the Court of Workers' Compensation Claims can appeal to the Appeals Board without foreclosing judicial resolution by the Supreme Court. *See* Tenn. Code Ann. § 50-6-239(c)(7). By delaying the "finality" of the trial court's decision until thirty days after the *date of entry* of the trial court's order, parties have the option of appealing the trial court's decision to the Appeals Board by filing a notice of appeal within thirty days of the *date of entry* of the trial court's compensation order. Alternatively, parties can wait thirty days until the trial court's decision becomes "final" according to the terms of section 50-6-239(c)(7) and appeal to the Supreme Court. Without a mechanism to delay the finality of the trial court's decision until the time for appeal to the Appeals Board has expired, any notice of appeal to the Supreme Court filed more than thirty days after entry of the workers' compensation judge's decision would be untimely.[6] Rather than require parties seeking an appeal of the trial court's decision to

---

[5] An appeal as of right to the Tennessee Supreme Court also lies from a judgment of the Court of Workers' Compensation Claims that the Appeals Board certifies as final in accordance with section 50-6-217(a)(2)(B).

[6] The majority states that "even assuming" Rule 54.02 allows the Court of Workers' Compensation Claims to direct the entry of a final judgment as to fewer than all of the claims, "there is nothing in the Workers' Compensation Law or the Tennessee Rules of Appellate Procedure that tolls the thirty-day deadline to appeal such a judgment to the Tennessee Supreme Court." The majority notes that Tennessee Rules of Appellate Procedure 4(a) "mandates" that a notice of appeal be filed "within 30 days after the

select between the Appeals Board or the Supreme Court during the thirty day period following entry of the trial court's decision, section 50-6-239(c)(7) allows a party seeking an appeal thirty days from the date of entry of the trial court's order to appeal to the Appeals Board, then an additional thirty days to appeal to the Supreme Court in the event there is no timely appeal to the Appeals Board. In my opinion, this structure for the appellate process for parties seeking review of a trial court's compensation determination does not foreclose the application of Rules 42.02 and 54.02.

The majority states that each of the cases previously coming before the Appeals Board "in a two-year span" in which the compensation trial was bifurcated "has had its share of problems resulting in the trial court's order being set aside." While I agree two of the three previous cases were problematic (the two coming before us in the last two years), my observations from those cases lead me to conclude the "problems" arose from the courts deciding issues beyond the scope of the issues the parties and the courts agreed to resolve in those bifurcated trials.

In the first appeal to us involving a bifurcated compensation trial, we resolved the issues on appeal without addressing the bifurcated nature of the trial. *See Willis v. All Staff*, No. 2014-05-0005, 2015 TN Wrk. Comp. App. Bd. LEXIS 42 (Tenn. Workers' Comp. App. Bd. Nov. 9, 2015). Moreover, subsequent to our opinion in *Willis* reversing the trial court's compensability determination and remanding the case to the trial court for an order dismissing the claim, the employee appealed the trial court's dismissal to the Supreme Court. The Special Workers' Compensation Appeals Panel's opinion noted the bifurcated nature of the trial, the trial court's initial compensation order determining the claim to be compensable, the employer's appeal to us, as well as our conclusion that the proof preponderated against the trial court's determination. The Panel agreed with our opinion and affirmed the trial court's subsequent dismissal of the case. *Willis v. All Staff*, No. M2016-01143-SC-R3-WC, 2017 Tenn. LEXIS 455 (Tenn. Workers' Comp. Panel Aug. 3, 2017).

In the two subsequent cases appealed to us that involved bifurcated compensation trials, we did not vacate any determinations by the trial courts other than determinations that went beyond what the parties and the trial courts had agreed to address in the bifurcated trials. In the first such appeal, *Rucker v. Flexible Staffing Solutions of Tenn.*, No. 2015-02-0126, 2016 TN Wrk. Comp. App. Bd. LEXIS 23 (Tenn. Workers' Comp.

---

*date of entry* of the judgment appealed from." (Emphasis added.) However, the majority fails to acknowledge that if the trial court's decision does not become final until 30 days "after the workers' compensation judge enters a compensation order," any notice of appeal coming thereafter would necessarily be filed more than 30 days after the *date of entry* of the order appealed from as stated in Rule 4(a). In other words, delaying finality of a workers' compensation judge's order until 30 days after its entry as provided in section 50-6-239(c)(7) necessarily results in any notice of appeal filed after the order becomes final coming more than 30 days "after the date of entry of the judgment appealed from," as stated in Rule 4(a).

App. Bd. May 13, 2016), the trial court determined the claim was compensable. However, because the parties and the trial court agreed that only the issue of compensability would be determined at the first trial, we vacated the trial court's award of temporary disability and medical benefits due to the trial court's order exceeding the scope of the issues to be decided. *Id.* at *15. We did not disturb the trial court's compensability determination. In addition, we dismissed the appeal as being premature based upon the trial court's failure to address all of the issues necessary for us to certify the trial court's compensation order as a final order. *Id.* at *17-18.

Similarly, in *Cotton v. HUMACare, Inc.*, the trial court exceeded the agreed scope of the bifurcated trial, and we vacated portions of the trial court's order that exceeded the sole issue the trial court had agreed to decide. 2016 TN Wrk. Comp. App. Bd. LEXIS 42, at *15. Again, we held that the appeal of the trial court's determination of the single issue the parties and the court agreed to resolve was premature. *Id.* at *13.

Thus, the bifurcated trials involved in these prior appeals resolved issues the parties and the trial court agreed to address, thereby narrowing the remaining issues, and, in at least one case, obviated the need for additional discovery and another trial. The errors in *Rucker* and *Cotton* concerned the trial courts' failures to limit the issues that were resolved to those issues the parties and the courts agreed to address. Moreover, in my opinion, had the compensation orders in *Rucker* and *Cotton* included certifying language as contemplated in Rule 54.02, the trial courts' determinations as to the claims for which the courts expressly directed entry of final judgments would have been final, appealable determinations.

In summary, while the statutory scheme of the Reform Act does not expressly address the bifurcation of trials, it expressly adopts as applicable to such trials the Tennessee Rules of Civil Procedure, which provide a trial court the authority to bifurcate trials as addressed in Rule 42 and the authority to direct the entry of a final judgment in accordance with Rule 54.02. In my view, these rules apply in the Court of Workers' Compensation Claims, and the trial court in this case properly bifurcated the trial. However, for reasons not appearing in the record, the parties did not request the trial court to certify its decision as final, resulting in an interlocutory order subject to revision as provided in Rule 54.02. I would dismiss the appeal as premature and remand the case for additional proceedings.



**FILED**
**Aug 14, 2018**
**08:00 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | |
|---|---|
| James Foriest ) | Docket No. 2017-06-0413 |
| ) | |
| v. ) | State File No. 92945-2016 |
| ) | |
| United Parcel Service, Inc., et al. ) | |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Joshua D. Baker, Judge ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 14th day of August, 2018.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| Stephen D. Karr | | | | | X | steve@flexerlaw.com |
| David T. Hooper | | | | | X | dhooper@hooperzinn.com |
| Joshua D. Baker, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov